UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ANDREW JOSEPH WEST, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:23-CV-480-JD-JEM |
| BRAD VOELZ, et al., | |
| Defendants. | |

OPINION AND ORDER

Andrew Joseph West, a prisoner without a lawyer, was ordered to show cause why the initial partial filing fee has not been paid as ordered by the court. (ECF 4.) Upon review of his response (ECF 5), the case will proceed to screening under 28 U.S.C. § 1915A. He is reminded that he remains obligated to pay the full filing fee over time in accordance with 28 U.S.C. § 1915(b)(2).

As required by 28 U.S.C. § 1915A, the court must screen the complaint (ECF 1) and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Mr. West is proceeding

without counsel, and therefore the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. West is being detained at the Whitley County Jail.[1] His complaint stems from an unrelated incident occurring in Kosciusko County. He alleges that an Indiana state trooper he identifies as "John Doe" arrested him in November 2022. He claims that the case was subsequently dismissed and should have never been filed. He provides very little information about the state criminal case other than the docket number. (ECF 1 at 2.) Public records in that case reflect that he was arrested on a charge of possessing methamphetamine on November 21, 2022, and the following day a judge found probable cause for his arrest. *State v. West,* 43C01-2211-F6-00918 (Kosciusko Cir. Ct. decided Jan. 16, 2023). Counsel was appointed to represent him, and an initial hearing was held in December 2022. *Id.* Shortly thereafter, a change-of-plea hearing was scheduled for January 30, 2023. *Id.* A few weeks before the hearing, however, the prosecutor moved to dismiss the charge without prejudice for reasons not detailed in the present record. *Id.* The motion was granted and the charge was dismissed without prejudice on January 16, 2023. *Id.* Based on these events, he sues the unidentified state trooper and the prosecutor assigned to his case, Brad Voelz.

The Fourth Amendment guarantees the "right of people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S.

---

[1] Public records reflect that on August 28, 2023, Mr. West was found guilty of failing to register as a sex offender in Whitley County Circuit Court and was sentenced to serve six years in prison. *See State v. West,* 92C01-2302-F5-000180 (Whitley Cir. Ct. decided Aug. 29, 2023). The court is permitted to take judicial notice of public records at the pleading stage. *See* FED. R. EVID. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018).

Const. amend. IV. The Fourth Amendment protects individuals from an arrest without probable cause. *Dollard v. Whisenand*, 946 F.3d 342, 353–54 (7th Cir. 2019). "Probable cause exists to arrest a suspect if at the time of arrest the facts and circumstances within the arresting officer's knowledge and of which he has reasonably trustworthy information would warrant a prudent person in believing that the suspect had committed or was committing an offense." *Id.* at 354 (citation omitted).

The prosecutor cannot be sued for damages based on his actions taken on behalf of the state in Mr. West's criminal case. *See Imbler v. Pachtman*, 424 U.S. 409, 410 (1976). As for the unnamed state trooper, Mr. West does not provide any details about the events surrounding his arrest, and there is insufficient factual content from which the court could plausibly infer that the trooper committed a Fourth Amendment violation in stopping his vehicle or arresting him. *Iqbal*, 556 U.S. at 678. He alleges in blanket terms that his rights were violated, but merely "putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened . . . that might be redressed by the law" is not enough to state a claim under federal pleading standards.[2] *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010).

Therefore, the complaint does not state a claim upon which relief can be granted. Mr. West has not previously amended his complaint, and "litigants in this circuit are ordinarily given the chance to amend their pleadings once as a matter of course" before

---

[2] There is an additional problem with this "John Doe" defendant, as unnamed defendants cannot be served with process. *See Rodriguez v. McCloughen*, 49 F.4th 1120, 1121 (7th Cir. 2022). Mr. West is cautioned that this defendant must be identified and served within the two-year statute of limitations period and the deadline specified in Federal Rule of Civil Procedure 4(m). *Id.*

a case is dismissed. *Newson v. Superior Ct. of Pima Cnty.*, 784 F. App'x 964, 965 (7th Cir. 2019); *see also Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). In the interest of justice, the court will allow him an opportunity to file an amended complaint if, after reviewing this order, he believes he can state a plausible constitutional claim based on these events, consistent with the allegations he has already made under penalty of perjury.

For these reasons, the court:

(1) GRANTS the plaintiff until **October 26, 2023**, to file an amended complaint if he so chooses; and

(2) CAUTIONS him that if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim upon which relief can be granted.

SO ORDERED on September 25, 2023

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT